OPINION
Appellants Stephen and Marilyn Sigrist appeal a judgment of the Perry County Common Pleas Court dismissing their negligence action against appellee South Central Power Company upon a jury verdict:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED BY INSTRUCTING THE JURY, ON THE ISSUE OF THE APPLICABLE STANDARD OF CARE, IN A MANNER THAT WAS INCONSISTENT WITH OHIO LAW AND CONTRARY TO OJI 7.15. THE TRIAL COURT'S INSTRUCTION ON LIABILITY WAS PREJUDICIAL AND REVERSIBLE ERROR.
 II. THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION IN LIMINE PROHIBITING THE APPELLANT'S LIABILITY EXPERT FROM TESTIFYING TO THE HIGHEST DEGREE OF CARE AND LIMITING HIS TESTIMONY TO APPLICATION OF THE NATIONAL ELECTRIC SAFETY CODE.
Appellee South Central Power Company cross-appeals:
 I. THE TRIAL COURT SHOULD HAVE FOUND THAT BASED ON THE UNDISPUTED FACTS OF RECORD, MR. SIGRIST'S INJURY WAS NOT FORESEEABLE AS A MATTER OF LAW.
 II. THE PLAINTIFFS' RELIANCE ON GENERAL PROVISIONS OF THE NESC TO OVERRIDE SPECIFIC NUMERICAL PROVISIONS WAS ERROR.
In 1992, appellant Stephen Sigrist was cleaning his sister-in-law's chimney. Appellant was not a professional chimney sweep. He had previously cleaned chimney's, but had never cleaned this particular chimney.
Appellant was standing on a metal ladder. Appellant used a 22-foot metal pipe to clean the chimney. While standing on the ladder, appellant lifted the pipe out of the chimney, and raised it over his head. Appellant lost control of the pipe. The pipe fell to appellant's right, and landed on an electric distribution line 17 feet away. Appellant received an electrical shock. The electrical line was 11 feet higher than the roof, and 11 feet horizontally from a point directly above the top of the chimney.
Appellant brought the instant action alleging that appellee South Central Power Company was negligent in the placement of the distribution line. The court dismissed the complaint on summary judgment, finding that appellee complied with the National Electric Safety Code (NESC), and the danger was not foreseeable.
On appeal to this court, the summary judgment was reversed, and the case was remanded for trial. Following jury trial in the Perry County Common Pleas Court, the case was dismissed.
 I. II.
We address appellants' first and second Assignments of Error together, as do appellants in their brief.
Appellants argue that the trial court erred in instructing the jury that the applicable standard of care was the National Electric Safety Code. Appellants further argue that the court erred in granting appellee's motion in limine to exclude evidence of violation of any standard of care other than the National Electric Safety Code.
In the first appeal to this court, we held:
. . . A public utility is required to exercise the highest degree of care consistent with the practical operation of its business in the construction, maintenance, and inspection of its equipment. Otte vs. Dayton Power and Light Company
(1988), 37 Ohio St.3d 33, 38. The NESC controls the standards of a public utility in the installation, inspection and maintenance of its equipment, which includes its transmission and distribution lines. Id. at 39. . . .
 Sigrist vs. South Central Power Company (May 31, 1996), Perry App. No. 95-CA-14, unreported, at page 3.
The doctrine of the law of the case requires that after a reviewing court has reversed and remanded a cause for further action in the trial court, and the unsuccessful party does not prosecute review to the Supreme Court, the pronouncement of law by the intermediate court becomes the law of the case and must be followed by the lower court and subsequent proceedings in that case. Pavlides vs. Niles Gun Show, Inc. (1996), 112 Ohio App.3d 609,615. A trial court is without authority to resolve the law at variance with the mandate of the Court of Appeals upon a former appeal of the same case. Id. Absent extraordinary circumstances, such as an intervening decision by the Ohio Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case. Id.
Further, the doctrine of the law of the case is applicable to subsequent proceedings in the reviewing court. Id. Therefore, the decision of the Appellate Court in a prior appeal must ordinarily be followed in a later appeal in the same case. Id. An Appellate Court may choose to re-examine the law of the case only if that is the only means to avoid injustice. Id.
Appellants argue that the above-quoted statement in the prior appeal is not the law of the case, as it was only dicta in the previous appeal. According to appellant, the law of the case was that facts were in dispute requiring reversal of the summary judgment. We disagree.
In order to determine that appellants had presented sufficient evidence to avoid summary judgment on the issue of violation of standard of care, we necessarily had to find the appropriate standard of care. Therefore, the statement quoted above from our prior Opinion, was the law of the case in the instant action. The trial court did not err in instructing the jury that the highest standard of care was defined by the NESC. The trial court further did not err in granting appellee's motionin limine to present evidence of violation of any other standard of care.
In addition, appellants' expert, Roger Bybee, testified in the instant case that the highest standard of care and the NESC are the same. Tr. 451. Accordingly, appellants have not demonstrated prejudice.
The first and second Assignments of Error are overruled.
 III.
Appellants argue that the court improperly limited his cross-examination of appellee's expert.
The standard of review of a trial court's limitation of cross-examination is whether the court abused its discretion.Calderon vs. Sharkey (1982), 70 Ohio St.2d 218.
Appellants first argue that they were denied the opportunity to cross-examine appellee's expert concerning his prior inconsistent testimony, concerning the issue of grandfathering, from a Colorado case. We disagree. The court allowed appellants to cross-examine the expert at great length concerning the inconsistencies in his testimony. After the witness explained the alleged inconsistency several times, the court finally prevented appellants from going over the same area of questioning again. The court did not abuse its discretion in denying appellants the opportunity to cross-examine with the same line of questioning, apparently hoping for a different answer.
Appellants further argue that the court erred in failing to allow him to present evidence, during the cross-examination of appellee's expert, concerning the applicable standard of care under the revision to the NESC. The court did not abuse its discretion in limiting this cross-examination. The revision to the Code was not relevant to the instant case, and would only have served to confuse the jury.
The third Assignment of Error is overruled.
 Cross-Appeal
Both Assignments of Error on Cross-Appeal are rendered moot by our disposition of Appellants' Assignments of Error.
Accordingly, assignments of Error I. II. on the Cross-Appeal are overruled.
The judgment of the Perry County Common Pleas Court is affirmed.
By: Reader, J., Farmer, P. J. and Hoffman, J. concur.
 JUDGMENT ENTRY
CASE NO. 97-CA-50
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Perry County Common Pleas Court is affirmed. Costs to appellants.